**SO ORDERED.**

**SIGNED this 30 day of October, 2006.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION BY ORDER OF COURT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LADONNA ANN BELL, | ) | Case No. 05-19091 |
| | ) | **Chapter 7** |
| Debtor. | ) | |
| | ) | |
| AMERICAN FURNITURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 06-5068 |
| | ) | |
| LADONNA A. BELL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING SUMMARY JUDGMENT

Plaintiff moves for summary judgment on its complaint to except defendant's debt from

1

discharge under 11 U.S.C. § 523(a)(2)(A).[1] Plaintiff alleges that debtor-defendant Ladonna Bell wrote a check on a closed account for some furniture in 1994. When the check was returned, plaintiff attempted to collect the check by sending Bell a notice to pay as prescribed by Kansas law.[2] When Bell did not respond, plaintiff sued her and obtained a default judgment in the District Court of Sedgwick County, Kansas.[3] As part of that judgment, the state court declared that Bell had committed fraud in obtaining value from plaintiff who relied on her bad check. Bell filed her bankruptcy petition on October 14, 2005 and plaintiff timely filed this complaint.[4] After Bell failed to respond to requests for admission issued by plaintiff, it filed the instant summary judgment motion. Bell filed no responsive pleading to the summary judgment motion.

The Court has jurisdiction over this core proceeding under 28 U.S.C. § 1334 and § 157(b)(2)(I).

Because Bell failed to respond to the plaintiff's requests for admission, the plaintiff's requests are deemed admitted under Fed. R. Civ. P. 36, as made applicable to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7036.[5] Those admitted facts also form the basis for plaintiff's statement of uncontroverted facts in its summary judgment motion. Because Bell also failed to

---

[1] All statutory references are to the Bankruptcy Code, Title 11, U.S.C. This case was filed on October 14, 2005, and the 1978 Code applies.

[2] *See* Kan. Stat. Ann. § 60-2610(b).

[3] Case No. 94L12141, District Court of Sedgwick County, Kansas, December 5, 1994.

[4] Defendant filed an answer pro se generally denying the allegations of the complaint and alleging that she no longer had the furniture.

[5] Fed. R. Civ. P. 36(b) provides that any matter admitted is "conclusively established."

2

respond to the summary judgment motion, the statement of facts are likewise deemed admitted.[6] Those facts are as follows.

In its journal entry, the state court found that Bell issued a check to plaintiff in the amount of $227.41 knowing that she had insufficient funds to pay it and intending that plaintiff rely on her representation of sufficient funds. After receiving statutory notice under the worthless check statutes, Bell made no response.[7] A "worthless check" is defined in KAN. STAT. ANN. § 60-2610(h) as a check that is (1) with intent to defraud or (2) dishonored by the drawee because the drawer has insufficient funds or credits to pay the check in full upon its presentation. The state court concluded, albeit in a default judgment, that Bell had issued the check with intent to defraud and that plaintiff had relied on it to its detriment. The state court also included in its journal entry, a finding that the debt would be excepted from discharge in a subsequent bankruptcy case under § 523(a)(2). Plaintiff received a judgment against Bell in the amount of $939.64 (apparently representing the amount of the check, the treble damages provided for by the statute, plus a $30 filing fee) and an award of $400 attorney's fees to its counsel. Much interest has accrued in the ensuing 12 years, causing plaintiff's claim to be $3,439.28.

Fed. R. Civ. P. 56 governs summary judgment and is made applicable to adversary proceedings by Fed. R. Bankr. P. 7056. Rule 56(c) provides that judgment shall be rendered if all pleadings, depositions, answers to interrogatories, and admissions and affidavits on file show that there are no genuine issues of any material fact and the moving party is entitled to judgment as a

---

[6] *See* D. Kan. LBR 7056.1(b) ("All material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party.").

[7] *See* KAN. STAT. ANN. § 60-2610 and KAN. STAT. ANN. § 21-3707.

matter of law. In determining whether any genuine issues of material fact exist, the Court must construe the record liberally in favor of the party opposing the summary judgment.[8] An issue is "genuine" if sufficient evidence exists on each side "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim."[9]

Because Bell is deemed to have admitted those facts specified in the unanswered requests for admission as well as the statement of uncontroverted facts set forth in plaintiff's summary judgment papers, the Court finds that there are no genuine issues of fact. The Court must now determine whether those uncontroverted facts entitle plaintiff to judgment as a matter of law.[10] In other words, the Court must determine whether the statement of facts establish as a matter of law the fraud discharge exception in § 523(a)(2)(A).

Section 523(a)(2)(A) excepts from a debtor's discharge debts for money or property obtained by false pretenses, a false representation or actual fraud (other than a false financial statement). A worthless check is just such a false representation.[11] The state court found that the Bell gave the

---

[8] *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988) (citation omitted).

[9] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[10] *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (A party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party.).

[11] *See e.g. In re Newell,* 164 B.R. 992, 995 (Bankr. E.D. Mo. 1994) (Where circumstances show that debtor knew insufficient funds existed in account on which she wrote checks, debtor knew that representations were false when made for purposes of § 523(a)(2)(A)); *In re Degraffenreid,* 131 B.R. 178, 180 (Bankr. N.D. Okla. 1991) (Debtors make a false representation to plaintiff if it can be shown debtors gave the checks knowing they would bounce.); *In re Feldman*, 111 B.R. 481, 485 (Bankr. E. D. Pa. 1990) (Debtor who knew the checks were not good when presented to plaintiff made false representation.); *In re Strecker*, 251 B.R. 878 (Bankr. D. Colo. 2000) (Determination that insufficient funds check is

4

check knowing that she did not have sufficient funds in the account to cover it and the creditor relied on her representation to the contrary by delivering goods to her. Such reliance is justifiable in ordinary commerce.[12] While this Court is not bound by the state court's specific findings concerning § 523(a)(2), that court's factual findings concerning fraudulent intent and reliance are entitled to full faith and credit and are binding res judicata on this court even though the judgment was entered on default.[13]

Given the state court's findings concerning the debtor's act in giving the check and the creditor's reliance thereon, the debt evidenced by the journal entry is excepted from discharge under § 523(a)(2)(A) as one incurred by misrepresentation or actual fraud. The treble damages and the attorneys fee award are also excepted from discharge.[14] Plaintiff's motion for summary judgment is GRANTED and a judgment on decision will issue this day.

# # #

---

nondischargeable under § 523(a)(2)(A) requires showing that debtor did not intend to pay the creditor when the check was issued and knew the check would bounce.).

[12] *In re Feldman*, 111 B.R. 481, 485 (Bankr. E.D. Pa. 1990) (Reliance on representation shown by plaintiff's attempt to cash the checks.).

[13] Kansas law makes even a judgment by default res judicata. *See City of Eudora v. French,* 204 Kan. 258, 265, 461 P.2d 762 (1969) ("Where, as here, a court has jurisdiction of the parties to the action and of the subject matter, and renders a judgment within its competency, even if erroneous, that judgment is final and conclusive unless corrected or modified on appeal or by such other method as may be prescribed by statute and it may not be collaterally attacked otherwise." [citation omitted]). *See also Grogan v. Garner,* 498 U.S. 279 (1991) (Collateral estoppel principles apply in nondischargeability proceedings under § 523(a)(2).).

[14] *See Cohen v. de La Cruz*, 523 U.S. 213, 223 (1998) (Holding that § 523(a)(2)(A) prevents the discharge of *all liability* arising from the fraud, including an award of treble damages and attorney's fees.).